**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM T. GOBLESKY AND JOSEPH M. GOBLESKY,<br><br>    Plaintiff<br><br>v.<br><br>PHH MORTGAGE SERVICES, LIBERTY REVERSE MORTGAGE F/K/A LIBERTY HOME EQUITY SOLUTIONS, INC., AND NATIONAL FIELD REPRESENTATIVES, INC.,<br><br>    Defendants. | Civil Action No.: __2:26-cv-575__<br><br>Removed from the Court of Common Pleas of Washington County, Pennsylvania<br>(Case No. CV-2026-01832) |

**NOTICE OF REMOVAL**
**[FEDERAL QUESTION JURISDICTION]**

Defendant Onity Mortgage Corporation, formerly known as PHH Mortgage Corporation d/b/a Liberty Reverse Mortgage (incorrectly pled as "PHH Mortgage Services" and "Liberty Reverse Mortgage F/K/A Liberty Home Equity Solutions, Inc.") ("Defendant") hereby remove this action from the Court of Common Pleas of Washington County, Pennsylvania to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are set forth below.

**I.    BACKGROUND**

1.    The above-captioned case involves a property located at 152 and 154 Lincoln Street, Cokeburg, Pennsylvania 15324(the "Property").

2.    On March 12, 2026, Plaintiffs William T. Goblesky And Joseph M. Goblesky Daniel Vitalie ("Plaintiffs") commenced this action by filing a Complaint (the "Complaint") at No. CV-2026-01832 in the Court of Common Pleas of Washington County, Pennsylvania (the "State

Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A.**

3. In the Complaint, Plaintiffs assert claims for trespass (Count I), civil conspiracy (Count II), and negligence (Count III). *Id.*

## II. REMOVAL PROCEDURES

4. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331, and is removable under 28 U.S.C. § 1441.

5. 28 U.S.C. § 1441(a) provides, in relevant part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

6. Venue is appropriate in this Court. The Court of Common Pleas of Washington County, Pennsylvania is located within this District and cases arising in the Court of Common Pleas of Washington County, Pennsylvania are properly assignable to the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 100(2).

7. Defendant received a copy of the Complaint on or about March 19, 2026.

8. Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

9. As of the date of this removal, Defendant has not filed a responsive pleading to the Complaint. Defendant does not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendant of any of the allegations of, or damages sought in, the Complaint.

10. Defendant will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice of Removal (without exhibits) with the Court of Common Pleas of

2

Washington County, Pennsylvania pursuant to 28 U.S.C. § 1446(d) and serve on all parties of record.

11.    In compliance with 28 U.S.C. § 1446(a), a complete copy of the filing from the State Court Action, is attached as **Exhibit A**.

## III.    REMOVAL BASED ON DIVERSITY JURISDICTION

12.    This Court has original jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §§1441 and 1446, in that there exists complete diversity of citizenship between Plaintiff and Wells Fargo, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §1441(b).

13.    Plaintiffs are citizens of Pennsylvania. *See* Ex. A – Complaint at ¶¶1-2.

14.    Defendant Onity Mortgage Corporation, formerly known as PHH Mortgage Corporation d/b/a Liberty Reverse Mortgage (incorrectly pled as "PHH Mortgage Services" and "Liberty Reverse Mortgage F/K/A Liberty Home Equity Solutions, Inc."), is a corporation.  For diversity purposes, a corporation is a citizen of the state by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. 1332(c). Defendant's principal place of business is located in New Jersey and it is incorporated under the law of New Jersey, it is therefore a citizen of New Jersey.

15.    Defendant National Field Representatives, Inc. ("NFR") principal place of business is located in New Hampshire and it is incorporated under the law of New Hampshire.  Therefore, it is a citizen of New Hampshire.

16.    Because Plaintiff is a citizen of Pennsylvania and Defendants are citizens of New Jersey and New Hampshire, diversity of citizenship is satisfied under 28 U.S.C. §1332(a)(1).

DM1\20872797.1

17.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  Plaintiffs seeks compensatory and punitive damages.  Further, during conversations with Plaintiffs' counsel, he estimated Plaintiffs' damages as between $100,000-$150,000.00.

18.     To the extent the Court lacks original jurisdiction over the claims of the absent class members, the Court may exercise supplemental jurisdiction over those claims.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction").

19.     Accordingly, the amount in controversy meets the jurisdictional requirements of this Court.

20.     NFR consents to removal.

**WHEREFORE**, Defendant respectfully request that this action be removed to the United States District Court for the Western District of Pennsylvania and that no further proceedings be had in the Court of Common Pleas of Washington County, Pennsylvania.

Dated: April 6, 2026                                 **DUANE MORRIS LLP**


*/s/ Brett L. Messinger*
By:     Brett L. Messinger (63020)
30 South 17th Street
Philadelphia, PA 19103
215.979.1508
215.689.4903
blmessinger@duanemorris.com

*Attorneys for Defendant Onity Mortgage Corporation, formerly known as PHH*

4

DM1\20872797.1

5

*Mortgage Corporation d/b/a Liberty Reverse Mortgage (incorrectly pled as "PHH Mortgage Services" and "Liberty Reverse Mortgage F/K/A Liberty Home Equity Solutions, Inc.")*

5

DM1\20872797.1